IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. VAUGHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-215 |
| | ) | |
| SHERIFF ROUNDTREE; MAJOR | ) | |
| LEVERTT; LT. ELIAM; KITCHEN, Deputy; | ) | |
| JUDY, Deputy; and YOUNG, Deputy, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983 regarding events at Charles B. Webster Detention Center in Augusta, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated.

## II. DISCUSSION

Here, under penalty of perjury, Plaintiff answered he had only filed one lawsuit in federal court, Vaughns v. Sheriff FNU Roundtree et al., CV 116-047 (S.D. Ga. Apr. 20, 2016). (Doc. no. 1, pp. 1-2.) However, the Court is aware of at least one other § 1983 case Plaintiff previously filed in federal court that he did not disclose. See Vaughns v. FNU Levertt et al., CV 115-132 (S.D. Ga. Aug. 21, 2015). Furthermore, the Court is aware of a

2

petition for writ of mandamus Plaintiff also filed in federal court.[1]  See Vaughns v. Brackett, CV 116-007 (S.D. Ga. Jan. 25, 2016).  Thus, Plaintiff provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on plaintiff's failure to disclose prior cases on court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).  Because Plaintiff provided blatantly dishonest answers in his complaint, this case should be dismissed.

---

[1]The Court has not included in its calculation federal habeas corpus cases Plaintiff has filed but failed to disclose.  Some federal courts also count those undisclosed habeas cases as a dishonest response.  Lucas v. Georgia, No. 1:12-CV-12, 2012 WL 6813820, at *4 (M.D. Ga. Dec. 5, 2012), *adopted by*, 2013 WL 103135 (M.D. Ga. Jan. 8, 2013).

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process by providing dishonest information about his prior filing history.

SO REPORTED and RECOMMENDED this 27th day of April, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA